**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **BIO-ENGINEERED SUPPLEMENTS & NUTRITION, INC.** | **COMPLAINT** |
| Plaintiff, | Civil Action No. |
| -against- | |
| **F3 NUTRITION, LLC,** | |
| Defendant. | |

Plaintiff, Bio-Engineered Supplements & Nutrition, Inc. ("BSN" or "Plaintiff"), by its undersigned attorneys, for its complaint against Defendant, F3 Nutrition, LLC ("F3" and "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. BSN brings this action against F3 for false advertising and trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a), as well as for misappropriation and tortious interference under Florida common law.

### PARTIES AND JURISDICTION

2. Plaintiff, BSN, is a Delaware corporation with its principal place of business at 1603 Orrington Avenue, Suite 1000, Evanston, Illinois 60201. BSN manufactures and sells nutritional supplements and performance products. It is a global leader in the sports nutrition marketplace.

3. Upon information and belief, Defendant, F3, is a Florida limited liability company with its principal place of business at 624 S. Military Trail, Deerfield Beach, Florida 33442. F3 also manufactures and sells nutritional supplements and is a direct competitor of BSN.

-1-

4. This Court has original jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1125(a). This Court has supplemental jurisdiction over the claims arising under the laws of the State of Florida pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

6. This Court has personal jurisdiction over Defendant because F3 is located in and committed tortious acts in Broward County, Florida.

## GENERAL ALLEGATIONS

7. BSN has endorsement agreements with various athletes for the promotion of its products. These endorsement agreements provide BSN with the exclusive right to use the athlete's image.

8. Among the athletes that endorse BSN products and with whom it has endorsement agreements are Rich Froning ("Froning") and Ryan Hughes ("Hughes").

9. On BSN's website, BSN displays photographic images of Froning and Hughes with motivational taglines for its customers (the "Images"). Copies of the Images are attached as Exhibit A.

10. The photographs, which are artistic action shots of Froning and Hughes, were taken by a professional photographer hired by BSN.

11. BSN owns the Images.

12. On its website, BSN clearly prohibits the use of the Images (and all images on its website) for commercial purposes. Exhibit B. At the top of the Copyright Policy on BSN's website, BSN states in all capital letters: **"THIS WEBSITE IS FOR YOUR PERSONAL, NON-COMMERCIAL USE ONLY."**

13. On February 15, 2013 and April 5, 2013, BSN discovered that F3 was using the

Images, including BSN's motivational taglines, to advertise its own products on Facebook. Exhibit C. F3 simply deleted BSN's logo and replaced it with its own.

14. F3's use of the Images to advertise its products with its own logo falsely represents to customers and potential customers that Froning and Hughes endorse F3's products and/or that F3 and BSN are affiliated. F3's use of the Images also constitutes trademark infringement.

15. Further, F3's unauthorized and unlicensed use of BSN's Images constitutes misappropriation of BSN's intellectual property and tortious interference with its endorsement agreements.

16. As a result of Defendant's actions, Plaintiff has been damaged in an amount to be determined at trial.

17. Upon information and belief, by virtue of its unlawful conduct, Defendant has made or will make substantial profits and gains to which it is not in law or equity entitled.

18. The unlawful activities of Defendant have resulted in and will continue to cause irreparable harm and injury to Plaintiff. Among other harms, these acts deprive Plaintiff of its exclusive right to use Froning's and Hughes's images and confuses consumers into believing that Froning and Hughes endorse F3 products and/or that F3 and BSN are affiliated, which is patently false. F3 also has misappropriated photographs paid for and owned by BSN and tortiously interfered with BSN's endorsement agreements.

19. Upon information and belief, all of the misconduct complained of herein was knowing, intentional, willful and committed with knowledge of and in blatant disregard of Plaintiff's rights.

## COUNT I – FALSE ADVERTISING

20. Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 19 above as if fully set forth herein.

21. Defendant's activities as described above constitute false advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

22. Defendant, a direct competitor of Plaintiff, has made representations to customers and potential customers that are literally false and misleading and make it appear as though Froning and Hughes endorse F3 products and/or that F3 and BSN are affiliated (the "False Representations").

23. The False Representations were made in commercial advertisements and in the promotion of Defendant's products.

24. Defendant's False Representations are material and have deceived or are likely to deceive.

25. Defendant's False Representations are used in interstate commerce.

26. As a result of Defendant's False Representations, Plaintiff has suffered damages and will continue to suffer damages.

27. Further, these unlawful activities of Defendant have resulted in and will continue to result in irreparable harm and injury to Plaintiff by depriving it of its exclusive right to use Froning's and Hughes's images and confuses consumers into believing that Froning and Hughes endorse F3 products and/or that F3 and BSN are affiliated, all of which is patently false.

WHEREFORE, Plaintiff, BSN, requests entry of judgment against Defendant, an award of damages, attorneys' fees and costs, permanent injunctive relief, and such other relief as this Court deems appropriate.

## COUNT II – TRADEMARK INFRINGEMENT

28. Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

29. Defendant's actions constitute unlawful trademark infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. The Images, including BSN's motivational taglines, constitute valid and protectable trademarks owned by BSN that identify BSN's brand.

31. F3, a direct competitor of BSN, has used the Images for commercial advertising purposes to identify its own brand of products.

32. F3's unauthorized use of the Images in commerce has created and will continue to create a likelihood of confusion between F3 and BSN products.

33. As a result, Plaintiff has suffered damages in the form of lost customers and lost profits.

34. Further, these unlawful activities of Defendant have resulted in and will continue to result in irreparable harm and injury to Plaintiff by confusing consumers into believing there is an affiliation between BSN and F3.

WHEREFORE, Plaintiff, BSN, requests entry of judgment against Defendant, an award of damages, attorneys' fees and costs, permanent injunctive relief, and such other relief as this Court deems appropriate.

## COUNT III – MISAPPROPRIATION

35. Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

36. Defendant's actions constitute unlawful misappropriation of intellectual property in violation of the common law of Florida.

37. Plaintiff invested substantial funds in producing the Images.

38. BSN owns the Images and has exclusive endorsement agreements with the individuals featured in the Images.

39. Defendant has used for its own commercial gain the Images featuring Froning and Hughes without authorization.

40. This misappropriation of BSN's intellectual property was done maliciously and wantonly and with the intent to harm Plaintiff, its direct competitor.

41. As a result, Plaintiff has suffered damages in the form of lost profits and consumer confusion.

WHEREFORE, Plaintiff, BSN, requests entry of judgment against Defendant, an award of damages, attorneys' fees and costs, permanent injunctive relief, and such other relief as this Court deems appropriate.

## COUNT IV – TORTIOUS INTERFERENCE

42. Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

43. Defendant's actions constitute tortious interference in violation of the common law of Florida.

44. Plaintiff has endorsement agreements with Froning and Hughes, which grant Plaintiff the exclusive right to use images of Froning and Hughes in its advertising.

45. F3 was aware of these business relationships.

46. F3 interfered with these business relationships by misappropriating and using for its own commercial gain the Images, which include photographs of Froning and Hughes.

47. As a result, Plaintiff has suffered damages in the form of lost profits and consumer confusion.

WHEREFORE, Plaintiff, BSN, requests entry of judgment against Defendant, an award of damages, attorneys' fees and costs, permanent injunctive relief, and such other relief as this Court deems appropriate.

Dated: May 10, 2013

Respectfully submitted,

/s/Carolina A. Latour\_\_\_\_
Eric D. Isicoff
Fla. Bar No. 372201
Isicoff@irlaw.com
Teresa Ragatz
Florida Bar No. 545170
Ragatz@irlaw.com
Carolina A. Latour
Florida Bar No. 32412
Latour@irlaw.com

ISICOFF, RAGATZ & KOENIGSBERG
1200 Brickell Avenue
Suite 1900
Miami, Florida  33131
Tel.: (305) 373-3232
Fax: (305) 373-3233
*Attorneys for Plaintiff Bio-Engineered Supplements & Nutrition, Inc.*